```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :   No. 10 Cr. 191 (JFK)
                                    :
        - v. -                      :
                                    :
ROBERT EGAN and                     :   MEMORANDUM OPINION
BERNARD MCGARRY,                    :        & ORDER
                                    :
                Defendants.         :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

    Robert Egan ("Egan") is the principal and owner of Mount Vernon Money Center Corporation ("MVMC"), a New York company that, as of January 2010, was engaged in various cash management businesses, including check cashing, ATM replenishment, armored transportation, and payroll services.

    On or about January 29, 2010, the FBI received a report from an investigator acting on behalf of a MVMC customer who claimed that MVMC had misappropriated approximately $12 million of his client's money.  Egan was arrested on or about February 8, 2010 for his role in the alleged fraud.

    On February 11, 2010, the Government, Egan and MVMC, through their counsel, signed a Consent Order for Restraint and Seizure of Property pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(e) and (f) (the "Consent Order"), which was approved and so ordered by the Honorable Richard M. Berman, sitting in Part I.  The Consent Order authorized the FBI and the

United States Marshals Service ("USMS") to take custody of all cash, currency, and other monetary instruments stored in MVMC cash vaults located at two of the company's offices. The Order further directed the USMS to "maintain custody of the Seized Assets pending resolution of this criminal case."

On March 10, 2010, a grand jury returned a seven-count Indictment against Egan and Bernard McGarry ("McGarry"), MVMC's Chief Operations Officer, charging them with one count of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and six counts of bank fraud, in violation of 18 U.S.C. § 1344.  The Indictment alleges that from at least in or about 2005 up to and including in or about February 2010, Egan and McGarry misappropriated tens of millions of dollars of their customers' money, using it to fund operating losses in MVMC's businesses and to enrich themselves.

On April 16, 2010, Clothing Emporium Inc. ("Clothing Emporium"), a former customer of MVMC, moved for the release of $106,320 of its alleged funds seized pursuant to the seizure order.  Clothing Emporium claims that the Government has not established the "requisite nexus between the property and the offense" as required by Rule 32.2(b) of the Federal Rules of Criminal Procedure.  On June 9, 2010, Granite Check Cashing and James Lieto (together with Clothing Emporium, the "Petitioners")

filed a similar motion seeking the return of $392,000 from the seized funds pursuant to 18 U.S.C. § 983(f).

A third party seeking to assert its interest in property restrained pursuant to 21 U.S.C. § 853(e) does not have free reign to interrupt the natural progression of a criminal prosecution. Section 853(k) "bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture.'" De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (quoting 21 U.S.C. § 853(k)). The statue also prohibits third parties from intervening "in a trial or appeal of a criminal case" relating to "an interest in property subject to forfeiture." 21 U.S.C. § 853(k); DSI Assocs. LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007) ("It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited.").

The Court of Appeals has made clear that the exclusive avenue available to third parties wishing to assert their interest in property charged to be forfeitable is an "ancillary

3

proceeding" as set forth in § 853(n).[1] DSI Assocs., 496 F.3d at 183 ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets . . . ."); De Almeida, 459 F.3d at 381 ("An ancillary proceeding is evidently the only avenue for a post-indictment third-party claim to forfeited property . . . ."); see also United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005) ("A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging the property subject to forfeiture."). By its terms, an ancillary proceeding under § 853(n) may commence "[o]nly after the sentence is entered by an order of forfeiture and notice is given to the public." United States v. McHan, 345 F.3d 262, 269 (4th Cir. 2003); see 21 U.S.C. § 853(n)(1) - (2) (providing that "[f]ollowing the entry of an order of forfeiture . . . [a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing" within thirty of days of his receipt of notice, or thirty days after the termination of

---

[1] Granite Check Cashing and Lieto's reliance on the hardship statute under 18 U.S.C. § 983, which governs civil forfeiture proceedings, is misplaced. See 18 U.S.C. § 983(a)(3)(C) ("If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.").

public notice, whichever is earlier). As Egan and McGarry are pending trial, Petitioners are procedurally barred from challenging the Consent Order at this time, and thus the Court need not address the substance of their arguments.

Accordingly, the Petitioners' motions [docket entries 32, 42, and 43] are denied subject to renewal in an ancillary proceeding in accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED.

Dated:   New York, New York
         August /6 , 2010

                                         /s/ John F. Keenan
                                         _____
                                         John F. Keenan
                                         United States District Judge