```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
     -against-                      :
                                    :
ROBERT EGAN AND BERNARD McGARRY,    :
                                    :
                    Defendants.     :    10 Cr. 191 (JFK)
-----------------------------------X
MONEY SPOT, INC., et al.            :
                                    :    MEMORANDUM OPINION
                    Petitioners.    :        AND ORDER
                                    :
     -against-                      :
                                    :
UNITED STATES OF AMERICA            :
                                    :
                    Respondent.     :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

In this ancillary proceeding concerning third-party claims to property seized by the Government in the course of the criminal prosecution of Robert Egan and Bernard McGarry, petitioner-claimant Money Spot, Inc. ("Petitioner") has requested a pre-motion conference for a motion to compel the Government to comply with a request for the production of documents. Because the Federal Rules of Criminal Procedure prohibit discovery at this point in the litigation, Petitioner's request for a pre-motion conference is denied.

### I.  Background

On September 15, 2010, and October, 13 2010, respectively, Defendants Robert Egan and Bernard McGarry (together,

-1-

"Defendants") pleaded guilty to charges of bank fraud and conspiracy to commit bank fraud and wire fraud.  Defendants pleaded guilty to defrauding Webster Bank, U.S. Bank, Bank of America, New York Community Bancorp., Actors Federal Credit Union, and the ADP Federal Credit Union.  At the time of their arrests, Egan was the President and owner of Mount Vernon Money Center Corporation ("MVMC"), a New York corporation that operated several cash-management businesses, and McGarry was the Chief Operating Officer of MVMC.  Defendants took advantage of certain clients of MVMC's ATM replenishment, armored transportation, payroll service, and check cashing businesses by commingling and misappropriating millions of dollars in funds held by MVMC on behalf of its clients.

On the same day that he pleaded guilty, Egan agreed to forfeit $19,288,702.72 in U.S. currency, which had been seized by the Government on or around February 12, 2010, as well as $70,000,000.00 in U.S. currency, representing the amount of proceeds obtained as a result of his crimes.  On December 6, 2010, AUSA David Miller filed an affidavit declaring that public notice of a preliminary forfeiture order was given on the Department of Justice's Forfeiture.gov website for 30 days beginning on October 14, 2010, in compliance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Decl. of David I.

Miller, Dec. 6, 2010, ECF No. 99.) See U.S. Dep't of Justice, Forfeiture.Gov, http://www.forfeiture.gov (last visited Mar. 4, 2011).

The Court has now received petitions from fifteen third-party claimants, each asserting an interest in the $19,288,702.72 in U.S. currency superior to the Government's interest in this property.  Six of these claimants have settled with the Government.  The Government settled these claims after concluding that these claimants' funds, though seized in the course of the Government's prosecution of Defendants, had not been commingled with the funds of other claimants and therefore did not constitute "criminal proceeds" of Defendants' scheme to defraud. (Stipulation and Order Proposed by U.S. Government, Granite Check Cashing Services, and James Lieto, at 2-3.)

On December 7, 2010, Petitioner served a Request for Production of Documents on the U.S. Attorney's Office, but the Government declined to respond to Petitioner's request.  On January 20, 2011, the Court received a letter from counsel for Petitioner, requesting that the Court hold a pre-motion conference to discuss a motion to compel compliance with the discovery request.  The Government responded on the same day, arguing that discovery, while permissible in an ancillary forfeiture proceeding after a district court rules on any motions to dismiss, was premature prior to a decision by the

Court on its motion to dismiss.  On January 25, Petitioner replied, arguing that a district court was authorized to permit discovery at any point before conducting the hearing required in an ancillary forfeiture proceeding under 21 U.S.C. § 853(n)(2).

## II.  Discussion

A third-party who wishes to claim an interest in property that has been forfeited to the Government through a criminal prosecution may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n).  The federal forfeiture statute and the Federal Rules of Criminal Procedure govern this ancillary proceeding. See Fed. R. Crim. P. 32.2 advisory committee's note.

Petitioner erroneously contends that it is entitled to discovery at this stage of the litigation.  The Federal Rules of Criminal Procedure define the timing of discovery in an ancillary proceeding:

> After disposing of any [motion to dismiss a petition for lack of standing, for failure to state a claim, or for any other lawful reason] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues.

Fed. R. Crim. P. 32.2(c)(1)(B).  When assessing the merits of a motion to dismiss a petition in an ancillary proceeding, the district court applies a standard identical to that employed when deciding a motion for dismissal of a claim under Rule

-4-

12(b)(6) of the Federal Rules of Civil Procedure, construing all disputed factual issues in favor of the petitioner. Fed. R. Crim. P. 32.2(c)(1)(A) ("For purposes of the motion [to dismiss], the facts set forth in the petition are assumed to be true."); see Pacheo v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) ("[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under" Fed. R. Civ. P. 12(b)).  Requiring the claimant to wait until after the Government's motion to dismiss is resolved by the Court to pursue discovery is supported both by a strict reading of the rules and common sense:  as a district court's task in deciding the Government's motion to dismiss is to resolve legal issues that might obviate further litigation, there is no practical reason to permit the claimants to request discovery at the motion to dismiss phase.

Although the U.S. Court of Appeals for the Second Circuit has not directly ruled on the issue of whether a district court may grant a request for discovery prior to issuing a ruling on motions to dismiss the claims of third-parties in an ancillary forfeiture proceeding, the U.S. Court of Appeals for the Sixth Circuit addressed precisely this issue in United States v. Salti, 579 F.3d 656 (6th Cir. 2009).  In that case, Mohammed F. and Usrah Mary Salti appealed the dismissal of their petition

-5-

asserting an interest in a Swiss bank account the court had ordered forfeited as a result of the Government's plea agreement with Mohammed Salti's nephew.  The appellants argued that "the district court erred in deciding this question on a motion to dismiss prior to allowing for discovery and a hearing," id. at 663, and that the district court improperly dismissed their petition under the fugitive disentitlement statute, 28 U.S.C. § 2466, because there were issues of fact relating to the applicability of that statute, id. at 664.  Although the Sixth Circuit held that, given the existence of genuine factual disputes, the district court improperly applied the fugitive disentitlement statute, id. at 664-65, the Sixth Circuit ruled that "discovery and a hearing are not required prior to a ruling on a motion to dismiss," id. at 664.  Therefore, the Salti case is persuasive authority that confirms this Court's reading of Fed. R. Crim. P. 32.2.

The case cited by Petitioner in its reply letter does not support Petitioner's assertion that it is entitled to discovery at this stage of the proceeding.  In Pacheo v. Serendensky, 393 F.3d 348 (2d Cir. 2004), the Second Circuit addressed the standard which a district court must apply when deciding the Government's motion to dismiss a third-party claimant's petition.  The Second Circuit held that the district court erred when it required the claimant to prove she was a bona fide

-6-

purchaser of certain property before permitting a hearing or discovery. Id. at 352, 353-354. The Second Circuit mentioned the timing of discovery only in dicta, stating that "[o]nly after some discovery has taken place may a party move for summary judgment." Id. at 352. Petitioner's reliance on this case for the proposition that Petitioner is entitled to discovery at this time is misplaced.

### III. Conclusion

Because Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure does not permit Petitioner to request discovery prior to a decision on the Government's motion to dismiss the outstanding petitions, Petitioner's request for a pre-motion conference is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         March 4, 2011

                                   _____
                                        JOHN F. KEENAN
                                   United States District Judge