UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA            :
                                    :
     -against-                      :
                                    :
ROBERT EGAN and BERNARD McGARRY,    :
                                    :
                  Defendants,       :
                                    :
            and                     :
                                    :
BANK OF AMERICA, N.A., et al.,      :
                                    :
                  Claimants.        :

------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: May 24, 2011 |

No. 10 Cr. 191 (JFK)

**MEMORANDUM OPINION
AND ORDER**

**JOHN F. KEENAN, United States District Judge:**

This ancillary proceeding concerns third-party claims to property seized by the Government in the course of the criminal prosecution of Robert Egan and Bernard McGarry.  The Court has received a letter dated April 29, 2011, written on behalf of Mahopac National Bank ("Mahopac"), requesting that the Court direct the United States Marshal Service to return $404,000.00 in seized currency allegedly owned by Mahopac.  On May 12, 2011 the Government responded to Mahopac's letter and argued that Mahopac's letter did not constitute a valid petition under 21 U.S.C. § 853(n) because it was not signed under penalty of perjury and was not timely filed.  Mahopac replied to the Government's arguments in a letter dated May 12, 2011.

For the reasons stated below, the Court accepts Mahopac's April 29 letter for filing as a petition for an ancillary

proceeding under 21 U.S.C. § 853(n), orders Mahopac to file an affidavit in support of its petition by June 1, 2011, and orders the Government to respond to the allegations in Mahopac's April 29 and May 12 letters in its Reply Memorandum in Support of its Omnibus Motion to Dismiss the Petitions for an Ancillary Hearing.

## I.   Background

Defendants Robert Egan and Bernard McGarry formerly operated Mount Vernon Money Center Corporation ("MVMC"), a cash management company that operated primarily in New York.  Through its subsidiaries, MVMC operated several cash management businesses, including check cashing, automated teller machine replenishment, and armored transportation businesses.  MVMC and its affiliated organizations stored cash in vaults owned by MVMC.  On February 8, 2010, Egan, the Chief Executive Officer of MVMC, was arrested on a charge of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 after it was revealed that, along with MVMC's Chief Operations Officer, Bernard McGarry, he had used MVMC as a vehicle to defraud MVMC's clients.  Three days later, the Government seized approximately $19,288,702,72 in United States currency (the "Seized Currency") from two MVMC vaults.  Egan and McGarry were indicted on charges of bank fraud and conspiracy to commit bank fraud on March 10,

2010; they pleaded guilty on all counts on September 15 and October 13, 2010, respectively.

When Egan pleaded guilty, he stipulated to the forfeiture allegations contained in the Indictment, and specifically waived all right to the Seized Currency.  As required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government published a notice that it would seek forfeiture of the Seized Currency.  This notice appeared on the U.S. Department of Justice Forfeiture.gov website for 30 days beginning on October 14, 2010.  Between October 8, 2010 and December 13, 2010, the Court received petitions from claimants seeking to challenge the Government's entitlement to forfeiture under 21 U.S.C. § 853(n).

After settling three of the petitions, the Government moved to dismiss the remaining petitions on March 8, 2011.  On May 2, 2011, the Court received a letter from Mahopac alleging that $404,000.00 of the Seized Currency is not forfeitable to the Government, because that portion does not constitute "proceeds" of Egan and McGarry's fraud.  Alternatively, the letter requests the entry of a restitution order in the amount of $420,525.00, representing the aggregate of the $404,000.00 in cash seized by the Government and an additional $16,525.00 in coinage seized from the MVMC vaults in February 2010.  The Government's response letter urged the Court to reject Mahopac's request for

the return of $404,000.00 in United States currency on the
grounds that the letter was not accompanied by a supporting
affidavit, that the request was submitted after the December 13,
2010 deadline, and that the money requested by Mahopac
constituted proceeds of Egan and McGarry's fraud that is
forfeitable to the Government.  In its reply letter, Mahopac
represented that it never received notice of the Government's
intent to seek forfeiture.  Although Mahopac does not dispute
that the Government actually published a forfeiture notice on
the Forfeiture.gov website, Mahopac argues that the publication
did not give them adequate notice because it did not mention
American Armored Car, Ltd., the MVMC subsidiary that had custody
of Mahopac's money prior to its seizure in February 2010.

## II.  Discussion

Unless direct notice to a potential claimant is required,
Rule G(4) of the Supplemental Rules for Admiralty or Maritime
Claims and Asset Forfeiture Actions permits the Government to
provide notice to potential claimants by publication.  Under
Rule G(4)(a)(ii)(A)-(C), a published notice must describe with
reasonable particularity the property the Government will seek
to forfeit, state the time required for a claimant to file a
claim, and name the government attorney to be served with the
claim and answer.  As indicated by Mahopac in its May 12 letter,
the notice published by the Government between October 13, 2010

and November 12, 2010 contains no reference to American Armored
Car, Ltd.  A client of American Armored Car, Ltd. who was
unaware of its relationship to Egan, McGarry, and MVMC would not
have been put on notice that its property was being claimed for
forfeiture by the Government's published notice; the Court is
unable to hold that the published notice described Mahopac's
property with reasonable particularity as required by Rule
G(4)(a)(ii)(A).  Therefore, provided that Mahopac submits an
affidavit in support of its claim for the return of a portion of
the Seized Currency no later than June 1, 2011, the Court shall
accept its April 29 letter for filing as a petition for an
ancillary proceeding.  Mahopac's affidavit must also attest to
its failure to receive the Government's published notice.

In its May 12 letter, the Government represents that
Mahopac's substantive arguments against forfeiture of a portion
of the Seized Currency are "nearly identical to those raised by
other petitions in the matter," and that it would be able to
respond to Mahopac's substantive arguments in its Reply
Memorandum in Support of its Omnibus Motion to Dismiss the
Petitions for an Ancillary Hearing.  Therefore, based on the
Government's position that the submission of an additional brief
will not be necessary, the Court directs the Government to
respond to Mahopac's petition in its Reply Memorandum.

### III. Conclusion

For the reasons stated above, the Court **DIRECTS** the Clerk of Court to accept Mahopac's April 29 letter for filing as a petition in this ancillary proceeding.

The Court further **ORDERS** Mahopac to submit an affidavit attesting to the accuracy of the facts asserted in the April 29 letter and its failure to receive the Government's forfeiture notice by close of business on Wednesday, June 1, 2011. Failure to provide this affidavit may be grounds for dismissal of Mahopac's petition pursuant to 21 U.S.C. § 853(n)(3).

Finally, the Court **ORDERS** the Government to respond to Mahopac's petition in its Reply Memorandum in Support of its Omnibus Motion to Dismiss the Petitions for an Ancillary Hearing.

**SO ORDERED.**

Dated:   New York, New York
         May 24, 2011

_____
JOHN F. KEENAN
United States District Judge

-6-