```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   09/05/2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA          :
                                  :     No. 10 Cr. 191 (JFK)
    – against –                   :
                                  :     MEMORANDUM OPINION
ROBERT EGAN,                      :     AND ORDER
                                  :
              *Defendant.*        :
------------------------------------------------------------ X

John F. Keenan, United States District Judge:

Defendant Robert Egan ("Egan"), currently incarcerated at FCI Morgantown Federal Correctional Institution in Morgantown, West Virginia, stands convicted of bank fraud and conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. §§ 1344, 1349. Egan now seeks an order compelling the Government to move under Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction in sentence due to "substantial assistance" Egan purports to have provided.

For the reasons discussed below, the motion is denied.

## I. BACKGROUND

On September 15, 2010, Egan pleaded guilty to all seven counts of the Indictment and admitted to operating a fraudulent scheme that caused Egan's victims tens of millions of dollars in total losses. On June 16, 2011, the Court sentenced Egan to a 132-month term of imprisonment and ordered that Egan forfeit $70 million to the United States. On September 14, 2011, the Court entered an amended criminal judgment, which directed Egan to pay over $85 million in restitution to the victims of his fraudulent scheme.

In the instant motion, filed on June 11, 2012, Egan seeks an order directing the Government to move for a reduction in Egan's sentence under Criminal Rule 35, as well as an evidentiary hearing to determine whether Egan is entitled to relief under Criminal Rule 35 and an order "staying and extending" the one-year time limit under Criminal Rule 35. (Notice of Motion to Compel ¶¶ 1–2, June 16, 2012, ECF No. 353.)

In support of his motion, Egan asserts that he was contacted by Assistant United States Attorney Perry Carbone, who informed Egan that he might be entitled to a reduction in his sentence under Criminal Rule 35 if he could provide useful information in connection with an investigation into political corruption in Westchester County, New York. (Van Lindt Decl. ¶ 3.) In November 2011, Egan was transferred from FCI Morgantown to the Westchester County Jail, where he began efforts to assist the Government. (*Id.* ¶ 4.) On three different occasions, Egan and attorneys at the White Plains Division of the United States Attorney's Office for the Southern District of New York discussed details of a suspicious real estate transaction that took place in 2004. (*Id.* ¶¶ 5–9.) In March 2012, the target of the Government's political corruption investigation pleaded guilty and Egan was transferred back to FCI Morgantown. (*Id.* ¶ ¶10–11.)

Egan takes the position that he is entitled to a reduction in sentence under Criminal Rule 35 because he "supplied material and relevant information in connection with a serious Federal investigation involving a public official," and because the Government's investigation "resulted in a conviction of that [o]fficial."

(*Id.* ¶ 14.) The Government disagrees, and asserts that "no information provided by [Egan] proved useful or was used to effect arrests or advance any prosecutions or investigations." (Gov't Ltr. Opp. 1, Aug. 1, 2012.)[1]

## II. DISCUSSION

Criminal Rule 35(b) permits the Government to move for a reduction in a criminal defendant's sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). A district court may review the Government's decision not to file a motion under Criminal Rule 35(b) only where that decision was based on an unconstitutional motive or was not rationally related to any legitimate Government interest. *Wade v. United States*, 504 U.S. 181, 185–187 (1992). Additionally, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would

---

[1] After Egan filed the instant motion, the Court received a letter from Jeff Rodman, President of third-party petitioner Actors Federal Credit Union ("AFCU"), one of the victims of Egan's fraudulent scheme. While a court must sometimes give third parties an opportunity to be heard, *see, e.g.*, Fed. R. Crim. P. 32(i)(4)(B), the normal rule in American jurisprudence is that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because AFCU has no *judicially* cognizable interest in whether the Government files a Criminal Rule 35(b) motion, the Court does not consider AFCU's letter in ruling on the instant motion. Of course, if the Court ruled that Egan was eligible for a reduction in sentence under Criminal Rule 35(b), a victim such as AFCU would be entitled to an opportunity to be heard on the issue of what sentence would be appropriate. Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(4); *see also United States v. Park*, 533 F. Supp. 2d 474, 476 (S.D.N.Y. 2008) ("In deciding a Rule 35(b) motion, a court must engage in a two-step analysis: first, the court must decide whether to grant the motion by determining whether the defendant has provided substantial assistance to the Government; and second, if the motion is granted, the court must then decide the extent to which the defendant's sentence should be reduced.").

additional but generalized allegations of improper motive." *Id.* at 186. A defendant must make a "substantial threshold showing" of entitlement to an evidentiary hearing. *Id.*

Egan concedes that the Government's refusal to move under Criminal Rule 35(b) does not stem from any unconstitutional bias. Egan instead argues that the Government's decision not to file such a motion is "illogical." The Court denies Egan's motion, because the Government has not exercised its discretion in an arbitrary or illogical manner.

First, Egan does not substantiate his claim that he provided *substantial* assistance to the Government's investigation and prosecution of their political corruption target. He shows only that there was some proximity in time between discussions he had with law enforcement agents and the target's subsequent guilty plea. Egan strenuously insists on his honesty and good faith in attempting to cooperate. However, even if the Court were to assume that Egan made no intentional misstatements to the Government, as he contends, it does not follow that the Government lacked legitimate concerns about the accuracy of Egan's statements. The fact that Egan may have tried to provide useful information does not make the information he provided useful or substantial. Perhaps the passage of seven years made Egan's memory unclear or his information of little value. In any case, the Court need not engage in speculation. Egan has not made the "substantial threshold showing" of the Government's bad faith contemplated in *Wade*.

Second, the Government has supplied plausible explanations for its refusal to file the requested motion. The Government characterizes Egan's initial conduct as evasive and uncooperative, and contends that even when Egan did make efforts to cooperate with law enforcement agents, "the information provided by [Egan] was often general, vague and sketchy, and sometimes inconsistent with other facts known to the Government." (Carbone Decl. ¶ 7, Aug. 1, 2012.) Given these representations, the Court has no reason to believe that the Government acted improperly or arbitrarily when it refused Egan's request for a reduction under Criminal Rule 35(b).

### III. CONCLUSION

For all the foregoing reasons, Egan has not satisfied the heavy burden required of defendants seeking to challenge the Government's exercise of its discretion under Criminal Rule 35(b). Egan's motion and his other requests for relief [ECF No. 353] are denied.

**SO ORDERED.**

Dated:    New York, New York
          September 5, 2012

                                        *[signature]*
                                        John F. Keenan
                                        United States District Judge