USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/10/2019

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :
                                    :
ROBERT EGAN                         :   No. 10 Cr. 191 (JFK)
                                    :   OPINION & ORDER
          Defendant.                :
                                    :
----------------------------------- X
```

APPEARANCES

FOR THE UNITED STATES OF AMERICA
    Noah Solowiejczyk
    U.S. ATTORNEY'S OFFICE

FOR ROBERT EGAN
    Robert B. Taylor, Esq.

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Robert Egan's ("Egan") motion for release pursuant to 34 U.S.C. § 60541. For the reasons below, this motion is denied.

## I.  Background

On September 15, 2010, Egan pleaded guilty to one count of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and six counts of bank fraud, in violation of 18 U.S.C. § 1344. On June 16, 2011, the Court sentenced Egan to 132 months' imprisonment to be followed by three years' supervised release. Both parties agree that Defendant has served approximately 91 months or 69 percent of his total sentence.

On February 20, 2019, Egan filed a motion for release, pursuant to 34 U.S.C. § 60541(g), requesting that he be transferred to home detention for the remainder of his sentence.

## II. Legal Standards

34 U.S.C. § 60541(g) states, in relevant part, that the "Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). To be eligible, an elderly offender must meet a host of requirements, including that he (1) is not less than 60 years of age and (2) has served two-thirds of his term of imprisonment. See 34 U.S.C. § 60541(g)(5)(A).

## III. Discussion

Egan argues that, as a 73-year-old man who has served 69 percent of his sentence and has met all the other requirements of 34 U.S.C. § 60541(g)(5)(A), he is eligible to be released to home detention and the Court should order such release. (Aff. in Supp. of Mot. for Release at 3, ECF No. 429 (filed Feb. 20, 2019).) The Government opposes Egan's release arguing that 34 U.S.C. § 60541(g) plainly provides the Attorney General—and not the Court—the discretion to determine which eligible offenders will be released to home confinement under this pilot program.

2

(Opp. to Def.'s Mot. for Release at 3-4, ECF No. 431 (filed Mar. 15, 2019).)  Accordingly, the proper administrative avenue for a defendant to obtain an early release to home confinement is to submit an application, through the Bureau of Prisons' process, seeking admission into the pilot program. (Id. at 4.)  Egan rebuts that "upon information and belief, there is no [] pilot program existing for Mr. Egan to pursue" and this Court "is the only forum to present the facts and circumstances for relief that the Defendant requests." (Reply Aff. at 1, ECF No. 432 (filed Mar. 27, 2019).)  Egan, thus, argues that, should the Court find that it has no jurisdiction to order him into home detention, it should entertain a future motion to require the Bureau of Prisons "to provide [him] with a forum to determine his eligibility for the modification of the terms of his incarceration." (Id. at 2.)

As is evident from a plain reading of the statute, 34 U.S.C. § 60541(g) creates a pilot project and gives the Attorney General the discretion to designate which institutions will participate. Zheng Yi Xiao v. La Tuna Fed. Corr. Inst., EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019).  This discretion is consistent with the Attorney General's—and by extension the Bureau of Prisons'—long-standing unfettered discretion over where to house prisoners. See, e.g., United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (holding that,

3

under 18 U.S.C. § 3621(b), after a defendant is sentenced it falls to the Bureau of Prisons, not the district judge, to determine a defendant's place of confinement). In recognition of that discretion, the few federal courts that have considered the recently-amended 34 U.S.C. § 60541(g) have found a district court has no power to use it to grant a prisoner early release to home detention. See Zheng, 2019 WL 1472889 at *3 (declining to grant a request for home detention under 34 U.S.C. § 60541 as "any approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified the utilitarian grounds—collides with [18 U.S.C. § 3621(b)], which gives the Attorney General unfettered discretion to decide where to house federal prisoners." (quoting In re Gee, 815 F.2d 41, 42 (7th Cir. 1987))); United States v. Clark, 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (holding that courts cannot order home imprisonment for eligible elderly offenders under 34 U.S.C. § 60541 because "the method of incarceration . . . is determined solely by the Bureau of Prisons"); United States v. Perez-Asencio, No. 18CR3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) (34 U.S.C. § 60541 "only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a [Bureau of Prisons] facility to home confinement."); United States v. Curry, No. 6:06-082-DCR, 2019

WL 508067, at *2 (E.D. Ky. Feb. 8, 2019) ("34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the Courts to take such action.").

This Court, therefore, has no authority under this statute to order that Egan serve the rest of his sentence in home detention, nor can it require the Attorney General or the Bureau of Prisons to provide Egan with a forum to determine his eligibility for this program. As there is, thus, no conceivable avenue, pursuant to 34 U.S.C. § 60541, through which the Court could grant Egan relief, this motion for release is denied with prejudice.

Although the Court recognizes its inability to grant this motion, it does have the power to recommend Egan be transferred to home detention. The Court does so recommend.

## Conclusion

For the reasons stated above, Egan's motion for relief under 34 U.S.C. § 60541 is DENIED with prejudice.

The Clerk of Court is respectfully directed to terminate the motions docketed at ECF Nos. 426 and 429.

**SO ORDERED.**

Dated:   New York, New York
         April 10, 2019

                                    _____
                                    John F. Keenan
                                    United States District Judge