```
                                            ┌─────────────────────────────────┐
                                            │ USDC SDNY                       │
                                            │ DOCUMENT                        │
                                            │ ELECTRONICALLY FILED            │
UNITED STATES DISTRICT COURT                │ DOC #: _____        │
SOUTHERN DISTRICT OF NEW YORK               │ DATE FILED: 05/26/2020          │
--------------------------------------X     └─────────────────────────────────┘
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :     No. 10 Cr. 191 (JFK)
                                      :              ORDER
ROBERT EGAN,                          :
                                      :
                         Defendant.   :
--------------------------------------X
```

APPEARANCES

FOR INTERESTED PARTY U.S. BANK NATIONAL ASSOCIATION:
    Morgan R. McCord
    ECKERT SEAMANS CHERIN & MELLOTT, LLC

FOR INTERESTED PARTY KNOWN LITIGATION HOLDINGS, LLC:
    Burton S. Weston
    GARFUNKEL WILD, P.C.

**JOHN F. KEENAN**, United States District Judge:

    Before the Court are requests by Interested Parties U.S. Bank National Association ("U.S. Bank") and Known Litigation Holdings, LLC ("KLH") to resolve a dispute regarding the distribution of proceeds from the sale of real property formerly owned by Defendant Robert Egan.  The parties' dispute essentially arises out of conflicting interpretations of a May 30, 2019 so-ordered Stipulation of Settlement ("the Stipulation of Settlement"), which was filed under seal and was intended to resolve an earlier dispute between U.S. Bank and KLH regarding the same real property located at 16 Guard Hill Road, Bedford Corners, New York 10549 ("the Property").  U.S. Bank argues that it is entitled to approximately $908,000 from the sale of the

1

Property and KLH is entitled to approximately $83,000. KLH argues that it is entitled to approximately $183,000 of the proceeds and U.S. Bank is entitled to approximately $808,000.

For the reasons set forth below, the Court rules in favor of KLH. Accordingly, U.S. Bank is to receive $807,738.24, reflecting approximately 80% of the sale proceeds; KLH is to receive $183,038.40, reflecting approximately 20% of the sale proceeds.

## I. Background

On or about June 13, 2013, the United States of America conveyed the Property via quit claim deed jointly to U.S. Bank and KLH pursuant to a Stipulated Final Order of Forfeiture. (Stipulation of Settlement Under Seal at 1, Ex. 2 to Letter from Morgan R. McCord to Hon. John F. Keenan (Mar. 25, 2020).) Following the conveyance, certain issues were identified with the Property's deed, and on February 4, 2019, the Property was re-conveyed to U.S. Bank and KLH. (Id. at 2.) On or about May 30, 2019, U.S. Bank and KLH executed the Stipulation of Settlement to resolve a dispute between the parties regarding the sale of the Property. (Id.) As relevant here, the Stipulation of Settlement provided:

- "In no event shall the Property be sold for less than $950,000 without U.S. Bank's prior written approval." (Id. ¶ 2.)

2

- "From the gross proceeds of sale there will be deducted any and all associated costs [of] sale, including, without limitation, brokers' commissions, transfer taxes, title costs and any other sale related costs or expenses (including costs to clean the Property), any and all real property taxes accruing against the property from and after the date of taxes previously paid and any normal adjustments.  Any and all costs to be deducted from the proceeds of the sale must be reasonable and customary, otherwise they will be borne solely by the party that incurred the cost."  (Id. ¶ 3.)

- "The net proceeds of sale (after deductions as above provided) shall be allocated between the parties as follows:

  | Sale Price | U.S. Bank | KLH |
  |---|---|---|
  | $1,000,000 | $800,000 | $200,000 |
  | > $1,000,000 to $1,100,000 | 65% of any additional increment | 35% of any additional increment |
  | > $1,100,000 | 60% of any amount > $1.1 million | 40% of any amount > $1.1 million |

  By way of example, if the net sale price is $1,250,000, each side would receive the following:

  U.S. Bank ($800,000 + $65,000 (i.e. 65% of next $100,000) + $90,000 (i.e. 60% of next $150,000) = $955,000

  KLH ($200,000 + $35,000 (i.e. 35% of next $100,000) + $60,000 (i.e. 40% of next $150,000) = $295,000."  (Id. ¶ 4.)

On February 10, 2020, the Property was sold to a third-party buyer for $1,050,000 ("the Closing").  (Letter from Morgan R. McCord to Hon. John F. Keenan at 1 (Mar. 25, 2020).)  After accounting for certain costs related to the transaction's closing, the sale netted approximately $991,000.  (Id.)

Prior to the Closing, on January 22, 2020, counsel for U.S. Bank emailed "closing figures" for the upcoming sale to counsel for KLH.  (Ex. C to Letter from Burton S. Weston to Hon. John F.

Keenan (Mar. 20, 2020).)  In the email, U.S. Bank proposed the following allocation of the proceeds:

> "<u>80/20 split net sales proceeds per settlement:</u>
>
> U.S. Bank (80%): $691,991.60 + deductions of: $87,204.95 + $2,250.00 + $18,629.68 = **$800,076.23**
>
> KLH (20%): $172,997.90 + deductions of: $5,000.00 + $5,000.00 = **$182,997.90**"

(<u>Id.</u> (bold and underline in original).)  U.S. Bank's "closing figures" envisioned net sales proceeds of $983,074.13.  (<u>Id.</u>)  Further, KLH was to be reimbursed $5,000 for property clean-up expenses and $5,000 for legal fees; and U.S. Bank was to be reimbursed $87,204.95 for property taxes, $18,629.68 for school taxes, and $2,250.00 for legal fees.  (<u>Id.</u>)

At some point prior to the Closing, however, the buyer demanded a $5,000 credit against the purchase price because the original closing—initially scheduled to occur on December 18, 2019—had been delayed after U.S. Bank and KLH failed to agree on the allocation of certain legal fees, and KLH's closing documents were not timely delivered to the title company.

On February 6, 2020, counsel for U.S. Bank emailed "closing calculations" to counsel for KLH.  (Ex. D to Letter from Burton S. Weston to Hon. John F. Keenan (Mar. 20, 2020).)  U.S. Bank's proposed "closing calculations" required KLH to pay the entire $5,000 credit to the buyer.  (<u>Id.</u>; Sellers' Addendum to Closing Disclosure, Ex. 5 to Letter from Morgan R. McCord to Hon. John

4

F. Keenan (Mar. 25, 2020).)  U.S. Bank's proposal also, for the first time, advanced the argument that U.S. Bank was entitled to receive the first $800,000 of the sale proceeds in addition to its reimbursable expenses, with KLH receiving the remaining approximately $78,000.  KLH refused to accept U.S. Bank's proposed distribution, which would have resulted in KLH receiving approximately $100,000 less from the sale of the Property.  The sale proceeds are currently being held in escrow pending resolution of the parties' dispute.

**II.  Discussion**

U.S. Bank argues that paragraphs 3 and 4 of the Stipulation of Settlement entitle it to $908,084.63 of the proceeds from the sale of the Property.  The Court disagrees.

First, U.S. Bank's assertion that the Stipulation of Settlement allows it to claim the first $800,000 from the sale—but that KLH is not similarly entitled to claim the first $200,000—is without merit.  The agreement provides neither party with a minimum distribution, nor can it be construed to prefer one party over the other.  Indeed, reading the Stipulation of Settlement in its entirety reveals that the parties intended for an 80%/20% allocation of the proceeds for amounts up to $1 million.

Second, and decisive here, U.S. Bank's January 22, 2020 email demonstrates that it believed the Stipulation of

Settlement provided an 80%/20% allocation for the proceeds. (Ex. C to Letter from Burton S. Weston to Hon. John F. Keenan (Mar. 20, 2020).)  U.S. Bank's convenient change of interpretation on the eve of the Closing is not genuine. Cf. Davis v. Wakelee, 156 U.S. 680, 689 (1895) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.").

Accordingly, the Court finds that the Stipulation of Settlement and the parties' prior course of conduct by, for example, proposing an 80%/20% allocation of the proceeds and equally splitting the transaction's closing costs, mandates the following allocation of the $877,692.01 net proceeds—and $990,776.64 total amount received—from the sale of the Property:

To U.S. Bank:

| | |
|---|---|
| 80% of net proceeds | $702,153.61 |
| Property taxes | $87,204.95 |
| School taxes | $18,629.68 |
| U.S. Bank legal fees | $2,250 |
| Less: 50% of seller credit | ($2,500) |
| Total: | $807,738.24 |

To KLH:

| | |
|---|---|
| 20% of net proceeds | $175,538.40 |
| Property clean-up | $5,000 |
| KLH legal fees | $5,000 |
| Less: 50% of seller credit | ($2,500) |
| Total: | $183,038.40 |

**III. Conclusion**

For the reasons set forth above, U.S. Bank is entitled to $807,738.24 of the sale proceeds.  KLH is entitled to $183,038.40.

**SO ORDERED.**

Dated:    New York, New York
         May 26, 2020

_____
John F. Keenan
United States District Judge